UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JAMES VASS,
a Georgia citizen and resident,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff JAMES VASS, a Georgia citizen and resident, and files this Complaint against Defendant CARNIVAL CORPORATION, a Panamanian corporation with its principal place of business in Florida, doing business as CARNIVAL CRUISE LINES, and alleges:

## JURISDICTION, VENUE AND PARTIES

1.    This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.    Plaintiff JAMES VASS is sui juris and is a permanent resident and citizen of the State of Georgia.

3.    Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant CARNIVAL CORPORATION has done business under the fictitious

name "CARNIVAL CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332; and the amount of damages claimed exceeds $75,000.00, the minimum jurisdictional amount required for diversity of citizenship cases. The damages alleged in Paragraph 12 below support an award of damages in excess of $75,000.00.

5. At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

7. The Defendant's principal place of business is located in Miami Dade County Florida. Accordingly, venue is proper in this Court.

8. Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

9. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "SENSATION."

10. At all material times, the Plaintiff was a fare-paying passenger on board the M/S "SENSATION" and in that capacity was lawfully present on board the vessel.

11. On or about July 17, 2018 while the Plaintiff was lawfully on board the M/S SENSATION as a fare paying passenger, the Plaintiff was walking out of a restaurant in the onboard Lido marketplace when he slipped on water or another wet, foreign or transitory substance originating from the restaurant and fell, sustaining serious injuries.

12. As a direct and proximate result of the slip and fall described above and hence of the Defendant's negligence, the Plaintiff was injured in and about his body and extremities, including knee injuries, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability, and the inability to lead a normal life. He incurred medical, hospital, and other out of pocket and health care expenses as a result of his injuries. He lost earnings and will continue to lose earnings or earning capacity in the future. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENT FAILURE TO CORRECT A DANGEROUS CONDITION

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

13. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

take reasonable steps to correct dangerous conditions of which it knew or should have known about in the exercise of reasonable care.

14. At all material times including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a high traffic area and was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to its being wet and therefore slippery.

15. At all material times, the Defendant either knew or should have known of the dangerous wet condition in the area where the Plaintiff fell, or in the exercise of reasonable care should have known of the condition, because it was in a high traffic area traversed by numerous crewmembers, or due to the length of time it had existed, its recurring nature, or both, and Defendant accordingly owed a duty to Plaintiff timely to remedy the dangerous condition.

16. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of floor in the Lido Marketplace Restaurant, the Defendant failed before the time of the Plaintiff's fall to take reasonable measures to correct the condition. The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

17. The Defendant's specific negligent acts or omissions consist of one or more of the following:

    a. Failing to maintain the floor surface in a reasonably safe condition;

    b. Failing to use safe flooring material, mats, and other non-slip materials in the area where the Plaintiff fell, despite actual or constructive knowledge of its wet condition;

    c. Failing to conduct sufficiently frequent routine inspections of the area where

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Plaintiff fell for wetness, slipperiness or contaminants;

d. Failing timely to correct the wet or slippery condition of the area where Plaintiff fell;

18. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and continues to sustain the damages alleged in Paragraph 12 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

19. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn of dangerous conditions of which it knew or should have known in the exercise of reasonable care.

20. At all material times, including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a high traffic area and was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to its being wet and therefore slippery.

21. At all material times, the Defendant either knew or should have known of the dangerous wet condition of the area in which the Plaintiff fell, or in the exercise of reasonable care should have known of the condition because it was in a high traffic area, or due to the length of time it had existed, its recurring nature, or both, and Defendant owed a the Plaintiff a duty to warn him adequately of the dangerous condition.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

22.	Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of floor in the Lido Marketplace Restaurant, the Defendant failed before the time of the Plaintiff's fall to take reasonable measures adequately to warn the Plaintiff.  The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

23.	As a direct and proximate result of the Defendant's negligence as described above the Plaintiff sustained and continues to sustain the damages alleged in paragraph 12.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 4th day of October 2019.

**s/NICHOLAS I. GERSON**
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
RAUL G. DELGADO II
Florida Bar No. 94004
rdelgado@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:	(305) 371-6000
Facsimile:	(305) 371-5749

6

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com